# UNITED STATES COURT OF APPEALS
## Tenth Circuit
### Byron White United States Courthouse
### 1823 Stout Street
### Denver, Colorado 80294
### (303) 844-3157

Patrick J. Fisher, Jr.                                                    Elisabeth A. Shumaker
Clerk                                                                     Chief Deputy Clerk

July 13, 1999

**TO:** ALL RECIPIENTS OF THE ORDER AND JUDGMENT

**RE:** 98-6230, *Dennis v. Scott*
Filed on June 17, 1999

The Order and Judgment filed in this appeal contains two clerical errors. On page 2, the last sentence, which continues to page 3, should read:

During a conversation with Ms. Thomas, the prosecutor learned that she had last seen appellant at his Oklahoma City address not on December 3 or 4, as her mother previously had reported, but on December 7, the date of the victim's disappearance.

On page 3, the first full sentence should read:

No other witness testified to seeing appellant in Oklahoma City on December 7.

A copy of the corrected Order and Judgment is attached.

Sincerely,
Patrick Fisher, Clerk of Court

By:
Keith Nelson
Deputy Clerk

encl.

**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 17 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

LEROY DEAN DENNIS,

        Petitioner-Appellant,

v.

H.N. SCOTT,

        Respondent-Appellee.

No. 98-6230
(D.C. No. 97-CV-989)
(W.D. Okla.)

---

**ORDER AND JUDGMENT**  *

---

Before **ANDERSON** , **KELLY** , and **BRISCOE** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

\*     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Petitioner-Appellant Leroy Dean Dennis appeals from the district court's order denying his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. We previously granted his application for a certificate of appealability (COA) concerning his claim of ineffective assistance of counsel. We now affirm the district court's denial of his petition.

Appellant was convicted of first degree murder for the killing of his ex-wife, Janet Dennis. She disappeared from her Oklahoma City home on the evening of December 7, 1990. Charred bones including teeth consistent with her dental x-rays were found two months later on appellant's ranch in Seiling, Oklahoma. The prosecution conceded it was unable to establish the exact time, place or manner of Ms. Dennis's death; however, it presented a circumstantial case linking appellant to the murder.

On Friday afternoon, the last day of its case-in-chief, the prosecution notified the court that it had surprise testimony to present. This testimony was from Denise Thomas, a high school girl who lived across the street from appellant's Oklahoma City residence. Although the state had endorsed Ms. Thomas as a witness, the prosecutor maintained that he had only discovered the true value of her testimony over the lunch hour that day. During a conversation with Ms. Thomas, the prosecutor learned that she had last seen appellant at his Oklahoma City address not on December 3 or 4, as her mother previously had

-2-

reported, but on December 7, the date of the victim's disappearance. No other witness testified to seeing appellant in Oklahoma City on December 7.

Appellant's counsel objected to Ms. Thomas's testimony on the basis of unfair surprise. He stated:

> Judge, I know we're coming to [the end of] Friday, but say we've got to work Saturday and Sunday to do this would be unfair to us. Before she's even put on, we would ask to have a continuance in regard to that based on her.

Trial Tr., Vol. V at 1230-31.

In spite of counsel's complaint of unfairness, the court offered a continuance only until Monday morning at nine o'clock. Appellant's counsel then requested a recess so that he and his co-counsel could interview Ms. Thomas. Counsel stated that once they had interviewed her, he might have "an announcement" to make to the court. Id. at 1232.

After the recess, counsel announced that he and his co-counsel had interviewed Ms. Thomas during the recess. He stated that Ms. Thomas told him that she had provided the purportedly new information to the police department fourteen months prior to trial. On this basis, counsel again requested that her testimony be disallowed. The court overruled this objection.

Counsel did not renew his request for a continuance. Ms. Thomas took the stand. Counsel again requested that the record indicate his strenuous objections to her testimony. Id. at 1242. Ms. Thomas testified that she knew appellant, that

she was familiar with the truck he drove in 1990, and that she had seen him and his vehicle at his Oklahoma City residence on December 7, 1990, at about three o'clock p.m. She stated that appellant wore a tan, one piece overall outfit and that she saw him take something out of his truck. She did not see appellant again that day, but she noticed his truck parked at the house later that evening at four, seven and 8:30 p.m. She testified that she knew it was December 7, 1990, when she saw appellant because she had a rehearsal for a school play that day, and it was the only such rehearsal that was not during the school day.

On cross-examination, appellant's counsel brought up Ms. Thomas's mother's prior statements that Ms. Thomas had seen appellant on December third and fourth rather than on the seventh. He also obtained an admission from Ms. Thomas that she did not see appellant's face when she saw him on the seventh.

The state rested. Appellant then moved for a mistrial based on Ms. Thomas's testimony. The court denied the mistrial, stating:

> [T]he Court granted to the defense that the Court would have recessed this matter until nine o'clock Monday morning, giving the defense sufficient opportunity and chance to examine the worthiness of the testimony of that witness. The defendant did not wish to do that and said that they would go ahead.

Id. at 1254.

The Oklahoma Court of Criminal Appeals rejected appellant's claims on direct appeal and in a post-conviction relief proceeding. Appellant thereafter

brought this action in federal district court alleging ineffective assistance of trial counsel.

In the district court, appellant presented new evidence which had not been presented to the state courts. The most important piece of evidence was an affidavit from Ms. Thomas's music teacher. In the affidavit, the teacher stated that the school play Ms. Thomas referred to was performed on December 13, 1990. There were ten rehearsals for the play and the last rehearsal was on the date the play was presented, just before it started. Attached to the affidavit was a purported cover sheet from the play program reflecting the December 13 date.

Appellant also presented an affidavit from a private investigator who interviewed Denise Thomas. The investigator obtained information from Ms. Thomas that the play in question was "Scrooge" and that the rehearsal she referred to in her trial testimony occurred one hour before the actual production.

The district court supplemented the record with the music teacher's affidavit, but discounted the private investigator's affidavit because it was based on hearsay. [1] It denied appellant an evidentiary hearing on the ineffectiveness issue, finding that appellant had failed to develop the factual basis of his claim in state court and was unable to satisfy the post-AEDPA requirements for an

---

[1]    We need not consider whether the district court improperly failed to supplement the record with the investigator's affidavit. Even if the affidavit had been made part of the record, it would not change the result we reach here.

evidentiary hearing. See 28 U.S.C. § 2254(e)(2). The district court also rejected appellant's ineffective assistance of counsel claim, finding that he had failed to show prejudice from his counsel's alleged ineffectiveness.

I. Ineffective Assistance Claim

Appellant contends that his trial attorney was constitutionally ineffective in several respects. He argues that counsel: should have accepted the trial court's offer of a continuance to investigate the testimony of Denise Thomas; should have investigated her testimony; and should have filed a motion to compel the prosecution to give the defense a list of witnesses with a summary of their anticipated testimony. [2]

To establish a claim of ineffective assistance of counsel, appellant must show both that his counsel's representation fell below an objective standard of reasonableness, and that counsel's deficient performance prejudiced his defense.

---

[2] The district court did not explicitly consider the third ground, although it is mentioned in appellant's habeas petition. See R., doc. 1 at 7-8 ("Because the State applied an 'open file' policy to the case, trial Counsel neglected to file an 'Allen Motion,' which would automatically have required the State to provide a witness summary of every witness.") In addition to the grounds identified above, appellant also raises the following claims of ineffectiveness which he did not raise in the district court: (1) his attorney failed to call police officers who had evidence that appellant did not commit any overt act, crime or violent act against the victim; (2) his attorney failed to conduct evidentiary tests or call witnesses to rebut the testimony of the prosecution's expert arson witness. We do not consider these claims because they are raised for the first time on appeal. See Oyler v. Allenbrand, 23 F.3d 292, 299 n.8 (10th Cir. 1994).

-6-

See Strickland v. Washington, 466 U.S. 668, 687 (1984). To prove prejudice, he must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Rogers v. United States, 91 F.3d 1388, 1392 (10th Cir. 1996) (citations and quotations omitted).

The issue of whether appellant received ineffective assistance of counsel is a mixed question of law and fact that we review de novo. See United States v. Prows, 118 F.3d 686, 691 (10th Cir. 1997). Having conducted a de novo review of the state trial record, we agree with the district court that appellant failed to establish prejudice within the meaning of the Strickland test. We reach this conclusion for substantially the reasons stated in the magistrate judge's report and recommendation of January 22, 1998.

We also affirm on the alternate basis that appellant failed to show that his counsel's performance fell below an objective standard of reasonableness. Appellant argues strenuously that his counsel did not take the continuance offered to him because he did not want to spoil his weekend by working. In an affidavit filed with the district court, counsel vehemently denies this characterization of his performance.

"A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." Strickland , 466 U.S. at 689. The court must presume that counsel's conduct "falls within the wide range of reasonable professional assistance." Id.

It is clear from the record, read in context, that counsel dealt with what he believed to be unfair surprise by requesting a continuance. As justification for the continuance, he focused on the unfairness of limiting his investigation and preparation time to the weekend. Unfortunately for appellant, counsel's strategic move did not bear fruit, because the trial court denied the request. We cannot say, however, that it showed deficient performance on counsel's part.

It is unclear what additional efforts counsel made to investigate Denise Thomas's testimony prior to and during the defense phase of the trial. In other aspects, however, counsel amply fulfilled his constitutional duties. He objected on several occasions to the challenged testimony, and laid the groundwork for appeal by requesting a mistrial. He interviewed Ms. Thomas and obtained information that he presented to the court in an effort to have her testimony excluded in its entirety. On cross examination, he brought out inconsistencies in Ms. Thomas's prior statements and obtained from her the admission that she had

not seen appellant's face on the day in question. Although he did not uncover the discrepancy in her chronology, he did present evidence in the defense case that suggests appellant was not in Oklahoma City at the time specified. Given this performance, we cannot say that counsel was not functioning as counsel guaranteed by the Sixth Amendment. See Strickland, 466 U.S. at 687.

The district court did not explicitly address appellant's claim that counsel was ineffective in failing to file a motion to obtain a pretrial summary of Ms. Thomas's testimony. See Allen v. District Court of Wash. County, 803 P.2d 1164, 1167 (Okla. Crim. App. 1990) (holding that state is required to disclose witnesses and give a summary of their testimony upon request). Counsel maintained he did not file such a motion because the state maintained an open file policy. Even if counsel had requested such an Allen summary, however, it would have been unlikely to have prevented the harm here. According to the state, Denise Thomas's testimony was not available until the very day on which she testified.

It is unlikely, moreover, that the trial court denied counsel's motion to exclude Ms. Thomas's testimony simply because he failed to file an Allen motion. The prosecution specifically stipulated that Allen was not a factor to be considered in determining whether Ms. Thomas could testify. See Trial Tr., Vol. V at 1229. We therefore reject appellant's ineffectiveness claim.

II.  Evidentiary hearing claim

Appellant contends that he was entitled to a hearing on his Sixth Amendment claim.  For the following reasons, we deny a COA as to this issue.

Appellant's Sixth Amendment claim, as presented in state court, contained none of the specific factual allegations that he presented in his habeas pleadings. Appellant did not present either of the two affidavits upon which he relies to the state courts.  Where an applicant has failed to develop the factual basis of his claim in state court proceedings, the federal courts may only grant him an evidentiary hearing if

> (A) the claim relies on–
>
> > (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> >
> > (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
>
> (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable fact finder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2254(e)(2).

Appellant does not rely on a new rule of constitutional law.  Although he claims to have exercised due diligence to discover the information in the affidavits, he fails to provide an adequate explanation why he was unable to do so

-10-

during the three-year gap between the affirmance of his conviction on appeal and the filing of his habeas petition. Finally, he fails to show that the facts underlying his claim would support a finding that he was actually innocent of the underlying offense. In short, appellant fails to satisfy any of the post-AEDPA requirements for an evidentiary hearing. For this reason, he fails to make a "substantial showing of the denial of a constitutional right" as to his evidentiary hearing issue. 28 U.S.C. § 2253(c)(2).

The judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED. Appellant's motion to expand the record is DENIED.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge